FORM B104 (08/07)                                                                    2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>FIRST DATA MERCHANT SERVICES, a Delaware corporation | DEFENDANTS<br>ROSA MARIA BALCAZAR |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>HERZLICH & BLUM, LLP<br>15760 VENTURA BLVD., STE. 2024, ENCINO, CA 91436-3095<br>(818) 783-8991 | ATTORNEYS (If Known) |
| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor    ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
This is an action under 11 USC §523(a)(2)(A) and 11 USC §523(c) for a determination excepting the debt due to Plaintiff from discharge with respect to BALCAZAR.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☑ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 50,169.93 |

**Other Relief Sought**
This is an action under 11 USC §523(a)(2)(A) and 11 USC §523(c) for a determination excepting the debt due to Plaintiff from discharge with respect to BALCAZAR.

FORM B104 (08/07), page 2                                                          2007 USBC, Central District of California

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| **NAME OF DEBTOR** <br> ROSA MARIA BALCAZAR | | **BANKRUPTCY CASE NO.** <br> 2:13-27707-RN |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Cental | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Neiter, Richard M. |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br> *[signature]* | | |
| **DATE** <br> 10/3/13 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> ALLAN HERZLICH (Attorney for Plaintiff) | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| HERZLICH & BLUM, LLP<br>Attorneys-At-Law<br>ENCINO GATEWAY BUILDING<br>15760 VENTURA BOULEVARD, SUITE 2024<br>ENCINO, CALIFORNIA 91436-3095<br>Telephone (818) 783-8991<br>Facsimile (818) 783-6682<br>Allan Herzlich   State Bar #100920<br>Jerome J. Blum   State Bar #100317<br><br>*Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>ROSA MARIA BALCAZAR<br><br><br><br>Debtor(s). | CASE NO.: 2-13-bk-27707-RN<br><br>CHAPTER: 7<br><br>ADVERSARY NUMBER: |
|---|---|
| FIRST DATA MERCHANT SERVICES, a Delaware corporation<br><br><br>Plaintiff(s)<br>Versus<br>ROSA MARIA BALCAZAR, an individual<br><br><br><br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left-hand corner of this page. The deadline to file and serve a written response is _____. If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

**Hearing Date:** _____
**Time:** _____
**Courtroom:** _____

**Place:**
☒ 255 East Temple Street, Los Angeles, CA 90012
☐ 3420 Twelfth Street, Riverside, CA 92501
☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 1415 State Street, Santa Barbara, CA 93101
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                              Page 1                                       F 7004-1.SUMMONS.ADV.PROC

You must comply with LBR 7016-1, which requires you to file a joint status report and to appear at a status conference. All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court-approved joint status report form is available on the court's website (LBR form F 7016-1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016-1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.

KATHLEEN J. CAMPBELL
CLERK OF COURT

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: _____

By: _____
Deputy Clerk

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012                                                                 Page 2                                          F 7004-1.SUMMONS.ADV.PROC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On *(date)* _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On *(date)* _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be completed** no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on *(date)* _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge **will be completed** no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|------|--------------|-----------|

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012    Page 3    F 7004-1.SUMMONS.ADV.PROC

1  HERZLICH & BLUM, LLP
   Attorneys-At-Law
2  ENCINO GATEWAY BUILDING
   15760 VENTURA BOULEVARD, SUITE 2024
3  ENCINO, CALIFORNIA 91436-3095
   Telephone (818) 783-8991
4  Facsimile  (818) 783-6682
   Allan Herzlich  State Bar #100920
5  Jerome J. Blum  State Bar #100317

6  **Attorneys for Plaintiff**

7

8              UNITED STATES BANKRUPTCY COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

| 11 | In re:                                  | ) | CASE NO. 2:13-bk-27707-RN |
|----|-----------------------------------------|---|---------------------------|
| 12 | ROSA MARIA BALCAZAR,                    | ) | ADV. CASE NO.             |
| 13 |         Debtor.                         | ) | COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE |
| 14 | FIRST DATA MERCHANT SERVICES, a Delaware corporation, | ) | |
| 15 |                                         | ) | |
| 16 |         Plaintiff,                      | ) | |
| 17 |   vs.                                   | ) | |
| 18 | ROSA MARIA BALCAZAR, an individual;     | ) | |
| 19 |         Defendants.                     | ) | |
| 20 |                                         |   | |

21  TO THE HONORABLE JUDGE OF THE BANKRUPTCY COURT:

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

## COUNT I.

AS AND FOR A SEPARATE CLAIM OF RELIEF, PLAINTIFF ALLEGES:

1. Plaintiff, FIRST DATA MERCHANT SERVICES is a creditor of debtor, ROSA MARIA BALCAZAR (hereafter "BALCAZAR") having obtained a Judgment of the Los Angeles Superior Court in Case No. SC087636 on June 20, 2006, in the sum of $ 50,163.93.

2. Defendant BALCAZAR of PO BOX 6807, Beverly Hills, CA 90212, is the debtor in the above-captioned proceedings.

4. After Plaintiff obtained its Judgment as described above, Defendant filed her Petition for Relief under Chapter 7 of the Title 11 of the United States Code in the United States Bankruptcy Court for the Central District of California, and the Defendant listed as one of her debts this debt to Plaintiff.

5. This is an action under 11 USC §523(a)(2)(A) and 11 USC §523(c) for a determination excepting the debt due to Plaintiff from discharge with respect to BALCAZAR. This Court has jurisdiction of this action under 28 USC §1334, and this Complaint constitutes a core proceeding.

6. Defendant BALCAZAR had entered into a written Merchant Application and Agreement (which incorporates terms of a Program Guide) and personal guaranty with Plaintiff whereby, among other things, Plaintiff processed credit card transactions for Defendant BALCAZAR and her business. As part of that Agreement, Defendant BALCAZAR expressly warranted that each Card transaction submitted to Plaintiff was for merchandise or service

///

2

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

actually delivered or performed at the same time she accepted and submitted the Card transaction for processing.

7. Plaintiff is informed and believes and, based thereon alleges that, commencing in or about September 21, 2005 and continuing through at least November 1, 2005, Defendant BALCAZAR intentionally (1) processed certain transactions for which she failed to ship goods and/or perform services for her customers and (2) intentionally failed to process certain transactions, including, without limitation, transactions which she knew would result in credits to her customers.

8. As a result of such intentional actions and failures to act by Defendant BALCAZAR, Defendant BALCAZAR was able to deceive Plaintiff into believing that Defendant BALCAZAR had a greater balance in her account with Plaintiff than Defendant BALCAZAR actually should have had and Defendant BALCAZAR withdrew such "excess funds" with the knowledge that she was not actually and/or lawfully entitled to same.

9. Subsequent to Defendant BALCAZAR's withdrawal of the excess funds described in the foregoing paragraph, Defendant BALCAZAR's customers "charged back" the amounts charged to their credit cards, creating a negative balance in Defendant BALCAZAR's account with Plaintiff.

10. Due to Defendant BALCAZAR's failure to pay for the above-described charge backs, Plaintiff was left financially responsible to Plaintiff's bank for credit card charge backs caused by Defendant BALCAZAR's failure to ship goods and/or perform services for Defendant BALCAZAR's customers and intentional failure to process transactions which would result in credits to her customers.

3

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

11. Defendant BALCAZAR knew at the time of making the above-referenced withdrawals that she was not entitled to withdraw such funds from her account with Plaintiff and falsely and fraudulently submitted credit card transactions despite her failure to actually ship goods and/or perform services for her customers and process her customers' credit transactions for the purpose of deceiving Plaintiff to extend further credit and services and to make possible Defendant BALCAZAR's withdrawal of "excess funds" as above-stated.

12. By reason of said actions, Defendant BALCAZAR was able to deceive Plaintiff into continuing to provide merchant card services and to allow Defendant BALCAZAR to withdraw funds from her account with Plaintiff. Plaintiff was unaware and, justifiably relying on said representations and account balance as being true, determined to continue to perform services for Defendant BALCAZAR and to allow Defendant BALCAZAR to withdraw funds from her account with Plaintiff. Had Plaintiff known said representations were untrue and/or that Defendant BALCAZAR had intentionally processed credit card transactions despite her failure to actually ship goods and/or perform services for her customers and process her customers' credit transactions, it would not have performed said services for Defendant BALCAZAR and/or allowed the above-referenced withdrawals.

13. By reason of the false and fraudulent statements of and/or intentional actions and failures to act of Defendant BALCAZAR, and by reason of Plaintiff's relying on the truthfulness of the same, this obligation is not dischargeable.

14. For the several reasons as shown herein, and in accordance with the provisions of 11 USC § §523(a)(2)(A) and 11 USC §523(c), the debt of BALCAZAR to Plaintiff should be determined to be excepting from any discharge that might otherwise be granted to BALCAZAR and from injunction.

4

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.

WHEREFORE, Plaintiff prays for Judgment as follows:

1. That the Court determine that the debt and Judgment on which the Plaintiff's claim is based is a debt which may be excepted from discharge and from injunction, including, without limitation, the amount of said debt, after notice and hearing;

2. That the Debtor/Defendant be denied a discharge in bankruptcy;

3. That the day and date be set for hearing on this objection to discharge;

4. For costs herein expended;

5. For an order directing that a Writ of Execution issue against the Defendant for the amount of Plaintiff's Judgment plus interest and attorney's fees; and

6. For such other relief to which the Plaintiff may be entitled.

DATED: October 3, 2013

Respectfully submitted,
HERZLICH & BLUM, LLP

By: _____
ALLAN HERZLICH
Attorneys for Plaintiff

5

COMPLAINT TO DETERMINE DEBT TO BE NON-DISCHARGEABLE, ETC.